Filed 1/7/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re L.W., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B294336 (Super. Ct. No. PJ52813) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.W.,<br><br>    Defendant and Appellant. | |

L.W. was charged in a juvenile wardship petition with committing sexual battery against two minor females. (Welf. & Inst. Code,[1] § 602; Pen. Code, § 243.4, subd. (e)(1).) Prior to adjudication, and without any prior notice to L.W. or his counsel, the juvenile court issued temporary restraining orders against appellant as to the two alleged victims pursuant to section 213.5

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

and rule 5.630 of the California Rules of Court (rule 5.630). Following a noticed hearing held prior to adjudication, the court issued a three-year restraining order as to both alleged victims.

L.W. appeals from both the temporary restraining orders and the three-year restraining order.[2]  He contends the temporary restraining orders were erroneously granted without notice, and that the three-year restraining order was not supported by substantial evidence.  We agree with the first contention but reject the second.  We affirm.

## FACTS AND PROCEDURAL HISTORY

In February 2018, appellant (who was then 14 years old) was charged in a section 602 petition with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), false imprisonment by violence (*id.*, § 236), and resisting a peace officer (*id.*, § 148, subd. (a)(1)).  He was ordered detained.  Pursuant to a negotiated disposition, appellant admitted the assault and the court sustained the petition as to that count, dismissed the other counts, and ordered appellant placed home on probation with various terms and conditions.

---

[2] The appeal from the temporary restraining orders is technically moot because those orders terminated when the three-year restraining order was issued.  (*O'Kane v. Irvine* (1996) 47 Cal.App.4th 207, 210, fn. 4.)  The appeal from the pre-adjudication three-year restraining order was also technically rendered moot when, during the pendency of the appeal, the court found the allegations of the wardship petition to be true and ordered that the restraining order remain in effect.  (See *In re Carlos H.* (2016) 5 Cal.App.5th 861, 864, fn. 2. (*Carlos H.*))  We nevertheless exercise our discretion to address appellant's claims because the issues to be decided are of important and continuing public interest and are likely to recur yet evade review.  (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 885-886.)

On October 5, 2018, appellant was charged in a subsequent wardship petition with committing sexual battery against 14-year-old minors S.G. (count 1) and C.M. (count 2). At the November 13, 2018 arraignment hearing, the prosecutor requested that the court issue temporary restraining orders against appellant as to S.G. and C.M. Defense counsel objected on the ground that the prosecution had not satisfied the requirements for the issuance of temporary restraining orders without notice, as set forth in Code of Civil Procedure section 527, subdivision (c). The prosecutor countered that applications for temporary restraining orders in juvenile cases are governed by rule 5.630(d), which makes no mention of Code of Civil Procedure section 527.

The court concluded that "the rule of court applies" and granted the temporary restraining orders, which were prepared on form JV-250 as provided in rule 5.630(d). After the court made its ruling, the prosecutor sought to "make a record" by orally adding "[i]t's alleged . . . that at a high school football game [appellant] grabbed one victim and began touching her breast and vagina against her consent and then went on to touching another victim in a similar way trying to unbutton her pants. These are the facts under which the People are submitting this temporary restraining order request." Defense counsel objected to the prosecutor's offer of proof on the ground "[i]t does not comply with what is required by law." The court overruled the objection. In accordance with section 213.5, a noticed hearing on the restraining orders was set for December 4, 2018.

At the December 4 hearing, the prosecutor presented the testimony of Los Angeles Unified School District Police Officer

3

Leo Gil.[3]  On September 12, 2018, Officer Gil interviewed S.G. and C.M.  S.G. told the officer she was at a high school football game on the night of September 7 when appellant pulled her by the arm, hugged and touched her, and rubbed her vagina over her clothing.  Appellant also asked S.G. if she was "horny."  She pulled away from him and left with her friend.  C.M. told Officer Gil that appellant approached her at the football game that same evening, said "I want you," and touched her breast and vagina over her clothing.  Appellant also tried to unbuckle C.M.'s pants, but she told him to stop and pulled away from him.

At the conclusion of the hearing, the prosecutor argued:  "I believe the court has before it evidence showing good cause to issue this restraining order.  There were two victims here who were assaulted . . . within an hour of each other, both taken to an area that the minor had exclusive access to them.  Both were contacted by the minor physically.  He touched their breasts, their vaginas.  In the case of the second victim, [C.M.], he attempted to unbutton her pants. . . .  [¶]  Additionally, this court is able to look at the record of [appellant] in determining whether good cause has been shown to issue a restraining order.  [Appellant] is on probation for [an assault] against his mother.  He's also on probation [for another assault] in Maryland.  So the People believe there's good cause for this court to issue a restraining order."

---

[3] Appellant acknowledges that the court could consider hearsay evidence in deciding whether to issue the restraining order.  (Rule 5.630(f)(1); see also *Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 557 [a trial court may "consider *all* relevant evidence, including hearsay evidence, when deciding whether to issue an injunction to prevent workplace violence pursuant to [Code of Civil Procedure] section 527.8"].)

4

Appellant countered among other things that the order could not be issued because "[t]here has been no good cause to establish that my client, after the alleged incidents, intimidated, dissuaded any victims, alleged victims. There's no evidence presented that an emergency existed at the time the People are seeking this restraining order. This incident happened on allegedly September 7, 2018. The officer didn't interview them until September 12, 2018, and my client has not been at that school . . . for at least a few months. So in light of that, I don't believe that there's the requisite justification for the court to sign off on this restraining order."

The court found good cause for the restraining order and signed and issued an order providing that appellant shall not "contact, threaten, stalk, or disturb the peace of" S.G. and C.M. for a period of three years. The order also states that appellant "must stay 100 yards away" from S.G. and C.M. and "must not make contact via [a] third party, unless otherwise authorized by law."

On February 21, 2019, appellant pleaded no contest to the section 602 petition pursuant to *People v. West* (1970) 3 Cal.3d 595. The court sustained the petition as to count 1, dismissed count 2 pursuant to appellant's plea agreement, ordered that appellant remain a ward, and placed him home on probation. The court also ordered that the three-year restraining order remain in effect.

## DISCUSSION

### *The Temporary Restraining Orders*

Appellant contends the temporary restraining orders were erroneously issued without notice because the People failed to satisfy the requirements for such orders. We agree.

5

"The question whether the [temporary restraining] order[s were] authorized under the statute, as a matter of statutory interpretation, is reviewed de novo.  [Citation.]  We review procedural due process claims de novo because 'the ultimate determination of procedural fairness amounts to a question of law.' [Citation.]"  (*In re Jonathan V.* (2018) 19 Cal.App.5th 236, 241 (*Jonathan V.*).)

Section 213.5 and rule 5.630 govern the issuance of restraining orders in juvenile proceedings.  Section 213.5, subdivision (b) states that "[a]fter a petition has been filed pursuant to Section 601 or 602 to declare a child a ward of the juvenile court, and until the time that the petition is dismissed or wardship is terminated, *upon application in the manner provided by Section 527 of the Code of Civil Procedure . . .* , the juvenile court may issue ex parte orders . . . enjoining the child from contacting, threatening, stalking, or disturbing the peace of any person the court finds to be at risk from the conduct of the child, or with whom association would be detrimental to the child." (Italics added.)  Subdivision (c)(1) states that "[i]f a temporary restraining order is granted without notice, the matter shall be made returnable on an order requiring cause to be shown why the order should not be granted, on the earliest day that the business of the court will permit, but not later than 21 days or, if good cause appears to the court, 25 days from the date the temporary restraining order is granted."

Rule 5.630(b)(1) states that applications for restraining orders in juvenile proceedings may be made orally at any scheduled hearing regarding the minor "or may be made by written application, or . . . on the court's own motion."  Rule 5.630(d) provides that "[t]he application may be submitted

6

without notice, and the court may grant the petition and issue a temporary order." The rule further provides that "[i]n determining whether or not to issue the temporary restraining order without notice, the court must consider all documents submitted with the application and may review the contents of the juvenile court file regarding the child." (Rule 5.630(d)(1).)

In issuing the temporary restraining orders without notice, the juvenile court concluded that "the rule of court applies." Rule 5.630, however, cannot be interpreted to dispense with the requirements of section 213.5. (*Jonathan V.*, *supra*, 19 Cal.App.5th at p. 242, fn. 7.) In any event, rule 5.630(a) makes clear that "the court may issue restraining orders *as provided in section 213.5.*" (Italics added.) Section 213.5 also makes clear that applications for restraining orders must be made "in the manner provided by Section 527 of the Code of Civil Procedure." (§ 213.5, subd. (b).)

Code of Civil Procedure section 527, subdivision (c) states that "[n]o temporary restraining order shall be granted without notice to the opposing party, unless both of the following requirements are satisfied: [¶] (1) It appears from facts shown by affidavit or by the verified complaint that great or irreparable injury will result to the applicant before the matter can be heard on notice. [¶] (2) The applicant or the applicant's attorney certifies one of the following to the court under oath: [¶] (A) That within a reasonable time prior to the application the applicant informed the opposing party or the opposing party's attorney at what time and where the application would be made. [¶] (B) That the applicant in good faith attempted but was unable to inform the opposing party and the opposing party's attorney, specifying the efforts made to contact them. [¶] (C)

That for reasons specified the applicant should not be required to so inform the opposing party or the opposing party's attorney."

The People made no effort to comply with these requirements. Instead, they asserted that temporary restraining orders may be issued without notice under rule 5.630, subject only to the requirement that the court "consider all documents submitted with the application." (Rule 5.630(d)(1).) For the first time on appeal, the People contend they effectively complied with subdivision (c)(1) of Code of Civil Procedure section 527 because "[t]he facts alleged in the [petition]—that appellant committed sexual battery against S.G. and C.M.—demonstrated that great or irreparable injury would result to the victims before the matter could be heard on notice."

But the facts alleged in the petition demonstrated no such thing. The sexual batteries were alleged to have occurred on September 7, 2018, yet the People did not seek the temporary restraining orders until November 13, 2018. Moreover, the People made no effort to establish that appellant was given prior notice of their intent to seek the orders or that they should be excused from providing such notice, as required under Code of Civil Procedure section 527, subdivision (c)(2). "While the specific amount of time necessary to satisfy the 'notice' requirement is not delineated in section 213.5, more than courtroom notice is required. [Citation.]" (*Jonathan V.*, *supra*, 19 Cal.App.5th at p. 245.) Because the People presented no evidence of an emergency or other urgency and made no attempt to give appellant prior notice of their intent to seek the temporary restraining orders, the court erred in issuing those orders without notice.

8

### *The Three-Year Restraining Order*

Appellant also contends the evidence is insufficient to support the pre-adjudication three-year restraining order. We disagree.

"With regard to the issuance of a restraining order by the juvenile court pursuant to section 213.5, appellate courts apply the substantial evidence standard to determine whether sufficient facts supported the factual findings in support of a restraining order and the abuse of discretion standard to determine whether the court properly issued the order. [Citations.]" (*Carlos H., supra*, 5 Cal.App.5th at p. 866.) "'"To show abuse of discretion, the appellant must demonstrate the juvenile court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a miscarriage of justice." [Citation.] Throughout our analysis, we will not lightly substitute our decision for that rendered by the juvenile court. Rather, we must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings where there is substantial evidence to support them.' [Citation.]" (*Ibid.*)

"Section 213.5 is part of a web of statutory provisions known as the 'juvenile delinquency laws.' [Citation.] 'The purpose of juvenile delinquency laws is twofold: (1) to serve the "best interests" of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and "enable him or her to be a law-abiding and productive member of his or her family and the community," and (2) to "provide for the protection and safety of the public . . . .'" [Citation.] Section 202, subdivision (b), in pertinent part, provides: 'Minors under the jurisdiction of the juvenile court as a consequence of delinquent

9

conduct shall, in conformity with the interests of public safety and protection, receive care, treatment and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances. . . .'" (*Id.* at pp. 867-868, italics omitted.) "Under the juvenile delinquency laws, and consistent with their overarching purpose, the juvenile court is expressly authorized to make "any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child . . . .' [Citation.]" (*Id.* at p. 868, italics omitted.)

The juvenile court did not err in issuing the pre-adjudication three-year restraining order. The order "was a reasoned and reasonable response by the juvenile court to [appellant's] conduct and the other relevant facts of the case . . . . Moreover, the order was entirely consistent with the public policy objectives underlying the juvenile delinquency laws generally and section 213.5 specifically." (*Carlos H.*, *supra*, 5 Cal.App.5th at p. 871 [juvenile court did not abuse its discretion in imposing pre-adjudication restraining order against minor charged with committing sexual batteries against female classmate].)

In contending otherwise, appellant refers us to cases involving restraining orders issued in criminal cases under Penal Code section 136.2. (See, e.g., *Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 950.) As relevant here, such orders "must be based on a finding of good cause to believe an attempt to intimidate or dissuade a victim or witness has occurred or is reasonably likely to occur. That finding may be based on the underlying charges and the circumstances surrounding the commission of the charged offenses, but a mere finding of past harm to the victim or witness is not sufficient." (*Id.* at p. 964.)

10

Restraining orders issued in juvenile proceedings under section 213.5, however, require no such finding. (Compare *In re B.S.* (2009) 172 Cal.App.4th 183, 193, and cases cited therein [for restraining orders issued in juvenile dependency cases under section 213.5, subdivision (a), "evidence that the restrained person has previously molested, attacked, struck, sexually assaulted, or battered the child is certainly sufficient"].) Moreover, appellant offered nothing to counter the evidence that he committed the sexual batteries against S.G. and C.M. His claim that the court erred in issuing the three-year restraining order thus fails.

## DISPOSITION

The three-year restraining order issued on December 4, 2018, is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

YEGAN, Acting P.J.

TANGEMAN, J.

11

Fred J. Fujioka, Judge
Morton Rochman, Judge
Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.